IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Margaret Thornton and Benjamin Thornton, <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America and Department of the Army, <br><br> Defendant. | 3:24-cv-06619-MGL <br><br><br> **COMPLAINT** |

The Plaintiffs, complaining of the Defendants herein, would respectfully show unto this Honorable Court the following:

**PARTIES AND JURISDICTION**

1. Plaintiffs Margaret Thornton and Benjamin Thornton are citizens and residents of Richland County, South Carolina.

2. The United States of America is subject to civil liability pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, the U.S. District Courts, "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages. . .for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

3. Defendant Department of the Army operates and controls Fort Jackson, a U.S. Army Basic Combat Training Center located in Richland County, State of South Carolina and is subject to liability as a private entity would be subject to liability under the laws of the State of South Carolina.

4. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs have not received a timely response from the Defendants pursuant to the Tort Claims Act.

## FACTUAL ALLEGATIONS

5. This action arises from a motor vehicle collision that occurred on December 4, 2021, in Richland County, South Carolina.

6. A 2016 Kia Sportage, operated by Elliott Thompson (hereinafter "Thompson"), entered Fort Jackson's Military Base around 11:37 P.M. and slowly approached Gate 2.

7. DASG Stone, a military security officer at Fort Jackson, instructed Thompson to stop his vehicle, questioned Thompson about where he was going and asked for Thompson's driver's license.

8. Thompson entered Gate 2 and then attempted to turn around to leave Fort Jackson.

9. DASG Stone radioed dispatch and informed them of a "gate runner" at Gate 2.

10. Numerous military officers including, Dustin Boughner, MAJ John T. Ferrell, DASG James Williams, Sergeant Joshua Rogers, Sergeant Chandler Hummel, SSG Casey Ross, Sorie Jawara, Jonathan Henry Smith, Bryan A. Jean, Connell Anthony, and Benjamin L. Gregory initiated a high-speed pursuit of Defendant Elliott Thompson throughout Richland County, the city of Forest Acres, and the City of Columbia.

11. The military officers pursued Thompson for roughly 5.8 miles down the busy, heavily used roads of Forest Drive, Taylor Street and Harden Street, all outside of the scope and jurisdiction of law enforcement personnel of Fort Jackson.

12. Forest Drive, Taylor Street and Harden Street are three commonly used roads by citizens of Columbia, Forest Acres, and surrounding areas for the purposes of every day ordinary tasks such as grocery shopping, dinner, or simply getting home.

13. During the high-speed pursuit, the military officers reached speeds of more than 87 miles per hour while traveling down the densely populated city streets of Forest Drive, Taylor Street, and Harden Street.

14. The military officer ran more than 4 red lights while engaged in this high speed, dangerous pursuit.

15. Thompson then turned left from Taylor Street onto Harden Street toward Five Points —a well-known entertainment and night life area district in downtown Columbia with significant vehicular traffic and pedestrians.

16. The military officers continued to pursue Thompson at unsafe high speeds while ignoring traffic while he was traveling Harden Street.

17. Thompson continued to flee from the military police when he ran another red light at the intersection of Harden and Gervais Street around 11:50 p.m. and collided with a vehicle occupied by the Plaintiffs that was traveling on Gervais Street.

18. The collision was so forceful it caused Thompson's vehicle to roll over several times.

19. Plaintiffs were injured during the severe impact and were transported to Prisma Health Richland for treatment.

20. As a result of the collision, Plaintiffs suffered painful and traumatic injuries.

21. Plaintiffs did not cause or contribute to the collision in any manner, and further had no ability to avoid or prevent the collision.

22. Plaintiffs have incurred, and will continue to incur in the future, medical expenses, and have suffered, and will continue to suffer damages, such as physical and mental pain and suffering, emotional anguish, lost wages, and a loss of enjoyment of life, along with considerable medical bills and inconvenience, all of which they are entitled to be compensated for as a direct and proximate result of Defendant's conduct.

## FOR A FIRST CAUSE OF ACTION
**(Negligence / Gross Negligence / Recklessness)**

23. Plaintiffs incorporates the prior allegations as if fully set forth herein.

24. The military personnel engaged in this high-speed pursuit were, at the pertinent times, acting within the course and scope of their employment with United States, Department of Army, Fort Jackson when the events alleged occurred. Defendant owed the Plaintiffs and other members of the roadway a legal duty to operate a motor vehicle with due care, to act as a reasonable and prudent driver, and to obey all state and federal laws related to the operation of a motor vehicle.

25. The military personnel employed with the Unite States, Department of Army, Fort Jackson, owes the general public the duty of protecting the public from wrongdoers but also a duty of compliance with the laws of the state and with general standards for the operation of a policy agency, including the enactment, implementation and enforcement of policies that provide for safe, reasonable and appropriate efforts to keep the general public safe even when responding to an urgent call.

26. Defendants breached the duties owed; and, therefore, were negligent, negligent *per se*, careless, reckless, and grossly negligent in one or more of the following particulars:

   a. In conducting a high-speed chase outside of its jurisdiction;

   b. In failing to ensure the safety of the Plaintiffs;

   c. In failing to adhere to proper law enforcement procedures;

   d. In failing to safely operate said vehicle while on the public roads;
   e. In failing to use discretion during the operation of said vehicle;

   f. In speeding and driving in excess of any reasonable speed for an unjust cause;

   g. In operating a vehicle in a manner too fast for conditions;

   h. In failing to train officers on how to operate their vehicles on the public roads;

    i. In failing to have in place proper and adequate policies, procedures and protocols for training law enforcement officers on how to operate their vehicles on the public roads, or if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    j. In failing to obey the statutory and common laws of the State of South Carolina;

    k. In failing to use the degree of caution and care that a reasonable driver would have used under the same or similar circumstances then and there prevailing;

    l. In operating the said motor vehicle in whole or in part in a careless, reckless, willful, and wanton disregard for others; and

    m. In otherwise being negligent or reckless as a matter of law as further discovery may reveal;

All of which were the direct and proximate cause of the injuries and damages suffered by Plaintiffs.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring, Retention, Training and Supervision)

27. Plaintiffs incorporates the prior allegations as if fully set forth herein.

28. Defendant owed the Plaintiffs and public a legal duty to take reasonable and prudent measures to hire, retain, fire, train, and supervise its employees or agents that operate vehicles on the roadways in the State of South Carolina.

29. Defendant owed the Plaintiffs and public a duty to properly screen its employees or agents prior to hiring to ensure those employees or agents were qualified, trained, competent and fit to perform their duties and safely operate a vehicle on the roadways in the State of South Carolina.

30. Upon information and belief, Defendant failed to take reasonable and prudent measures in hiring, screening, and retaining the military personnel who are required to drive state issued vehicles in both emergent and non-emergent situations, as they were not qualified, trained, competent and fit to safely operate a vehicle on the roadways in the State of South Carolina.

5

31. Upon information and belief, Defendant breached the duties owed to the public and the Plaintiffs in the above matter and by:

    a. failing to have in place policies and procedures to train its military personnel on determining when it is necessary to engage in high-speed vehicle pursuits;

    b. failing to have in place policies and procedures to train its military personnel on how to safely engage in high-speed vehicle pursuits if it is necessary to do so;

    c. failing to have in place adequate policies and procedures to mandate compliance by its police officers with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

    d. failing to have in place adequate policies and procedures to inform military personnel of when it is in the best interest of the general public to stop a vehicle pursuit to ensure or protect the safety of the motoring public;

    e. failing to have in place an adequate safety program to ensure the safety and protection of the motoring public during vehicle pursuits, or if such program was in place, in failing to implement it;

    f. generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

All of which were the direct and proximate cause of the injuries and damages that Plaintiffs suffered.

32. Plaintiffs are entitled to an award of actual, consequential, and incidental damages for the injuries sustained.

### FOR A THIRD CAUSE OF ACTION
**(Loss of Consortium)**

33. Plaintiffs incorporate by reference the above-paragraphs as if fully stated herein.

34. As a result of this collision and the injuries sustained, both Plaintiffs are entitled to be compensated for their mutual loss of consortium, mental suffering and distress, anxiety, loss of

spousal companionship, loss of support for their children, society, aid, domestic duties and obligations, and spousal services of that have been lost or otherwise diminished.

WHEREFORE, Plaintiffs pray this Honorable Court for judgment against the Defendant for: (a) actual and consequential damages; (b) costs and attorney's fees in instituting this action; and (c) for such other and further legal and equitable relief as this Honorable Court may deem just and proper.

Respectfully submitted,

By:  /s/ Robert F. Goings
Robert F. Goings (Fed. No. 09838)
Morgan Y. Drapeau (Fed. No. 13452)
Goings Law Firm, LLC
1510 Calhoun Street
Post Office Box 436 (29202)
Columbia, South Carolina 29201
Email:  rgoings@goingslawfirm.com
        mdrapeau@goingslawfirm.com
Phone: (803) 350-9230
Fax:    (877) 789-6340

November 19, 2024
Columbia, South Carolina